City of Chicago v. Gosselin.

## City of Chicago

v.

## Stephen Gosselin.

1. Ordinance—Obstructing streets.—An ordinance of the city of Chicago prohibited the placing of any building upon any street, alley or other public ground, and provided a penalty for its violation. In an action to enforce the penalty, *held*, that the streets and alleys contemplated in the ordinance were only such as were in fact, as well as in law, public streets—such as have been opened to the public, for the use of the people at large.

2. What is a public street.—The *locus in quo* had never been in the possession of the city; had never been opened or used as a public way, but had remained in the exclusive possession of the defendant and his father since 1852. The fact that the owners of the fee, in 1835, made a plat of the ground, which was surveyed and acknowledged pursuant to the statute, on which the *locus in quo* was designated as a public street, does not *ipso facto* constitute such land a public street. It was a sufficient dedication so far as the owners were concerned, but it does not become a public street until opened by the municipal authorities for the public use.

Error to the Criminal Court of Cook county; the Hon. Henry Booth, Judge, presiding. Opinion filed December 8, 1879.

Mr. R. S. Tuthill, for plaintiff in error; as to dedication of the land for a street and its effect, cited Beatty v. Kurtz, 2

Pet. 256; Cincinnati v. White, 6 Pet. 431; New Orleans v. United States, 10 Pet. 713; Fulton v. Mehrenfeld, 8 Ohio St. 440; Baker v. St. Paul, 8 Minn. 491; Waugh v. Leech, 28 Ill. 488; Alvord v. Ashley, 17 Ill. 363; Trustees v. Walsh, 57 Ill. 363; 2 Dillon on Mun. Cor. 495; Mayor v. Morris Canal Co. 1 Beasley Ch. 553.

The effect of a statutory dedication is to vest the fee in the corporation without any assent or acceptance on the part of the public: 2 Dillon on Mun. Cor. 491; C. R. I. & P. R. R. Co. v. Joliet, 79 Ill. 25; Baker v. St. Paul, 8 Minn. 491.

The *locus in quo* became a public street by statutory dedication, and the erection of a building thereon is a public nuisance : 1 Chitty Cr. Law, 160; 1 Russell on Crimes, 305; Mills v. Hall, 9 Wend. 315; Simmons v. Connell, 1 R. I. 519; Commonwealth v. Nashua R. R. Co. 2 Gray, 54 ; United States v. Hoar, 2 Mason 314; United States v. Kirkpatrick, 9 Wheat. 735; People v. Gilbert, 18 Johns, 227; Smith v. State, 3 Zabriskie, 712; Jersey City v. State, 1 Vroom 521; Cross v. Middletown, 18 N. J. Eq. 305; New Orleans v. Mayor, 4 Martin, 2; Ingram v. Maggioli, 4 La. An. 73; Lewis v. San Antonio, 7 Tex. 288; Oustatt v. Murray, 22 Iowa 457; Alton v. Ill. Trans. Co. 12 Ill. 38.

The Statute of Limitations does not run against the city; the possession of the defendant to the *locus in quo:* was not adverse to the public right: Angell on Limitations, 29; 1 Dillon on Mun. Cor. 39; Madison Co. v. Bartlett, 1 Scam. 67; City of Pekin v. Reynolds, 31 Ill. 530; Commonwealth v. McDonald, 16 Serg. & R. 390; Chicago v. The People, 56 Ill. 327; Rung v. Shoneberger, 2 Watts, 22; 1 Black. Com. 468.

Generally as to the doctrine of adverse possession in public streets: Rigg v. Cooley, 4 Gilm. 351; Wilson v. Watkins, 3 Pet. 43; Zeller v. Eckert, 4 How (U. S.) 289; Jackson v. Burton, 1 Wend. 341; Turney v. Chamberlain, 15 Ill. 271; McClellan v. Kellogg, 17 Ill. 498; Jackson v. Berner, 48 Ill. 203; Wood v. Inhabitants of Quincy, 11 Cush. 487; Henshaw v. Hunting, 1 Gray 203; Lane v. Kennedy, 13 Ohio St. 42.

Mr. F. W. YOUNG, for defendant in error; that an acceptance

cannot be implied where there is power conferred upon the owner or his assigns to vacate the plat, or any part of it, cited Laws 1847, 166, §§ 1, 3; Rev. Stat. 1874, 772, §§ 6, 7; St. John v. Quitzow, 72 Ill. 334; Gebhardt v. Reeves, 75 Ill. 301; Helm v. Webster, 9 Chicago Legal News, 403.

As to the necessity of concurrence of all parties to create a valid acceptance: Grube v. Nichols, 36 Ill. 96; Gentleman v. Soule, 32 Ill. 271; Marcy v. Taylor, 19 Ill. 634; Rees v. Chicago, 38 Ill. 322; Baker v. Johnson, 21 Mich. 319; Rowland v. Bangs, 102 Mass. 299; State v. Bradbury, 40 Me. 154; Jordan v. Otis, 37 Barb. 50; State v. Carver, 5 Strobh. 217.

The acceptance may be of part only of the land dedicated: State v. Trask, 6 Ver. 355; Noeys v. Ward, 19 Conn. 250; Cincinnati v. White, 6 Pet. 451; Com. v. Fisk, 8 Met. 238; State v. Nudd, 3 Foster, 327; Cole v. Sprowl, 35 Me. 611; People v. Jones, 6 Mich. 176.

As to the Statute of Limitations: 1 Gross' Stat. 429; Rev. Stat. 1845, title "Limitations."

Defendant's possession was that of his co-tenants: 1 Washburn Real Prop. § 3; 4 Kent's Com. 370.

The estate by disseizin may arise from several holding in succession by privity: 3 Washburn Real Prop. § 7; Turney v. Chamberlain, 15 Ill. 271; Weber v. Anderson, 73 Ill. 439.

Occupancy, to defeat an adverse holding must be by the party seeking to disturb the effect of a twenty years' possession: 3 Washburn Real Prop. § 7; Doty v. Burdick, 83 Ill. 473; Doe v. Lawley, 19 Q. B. 954.

As to adverse possession: Turney v. Chamberlain, 15 Ill. 271; Ewing v. Burnett, 11 Pet. 53; School District v. Benson, 31 Me. 384; Crary v. Goodman, 22 N. Y. 170; Angell on Limitations, § 383; Jackson v. Warford, 7 Wend. 62; Alden v. Gilmore, 1 Ship. 178; Blood v. Wood, 1 Met. 528; Webb v. Hynes, 9 B. Mon. 388; Treadwell v. Reddick, 1 Ind. 56.

Where the municipality holds for purposes of sale, the statute will run against it: Dillon on Mun. Cor. § 533; Logan Co. v. City of Lincoln, 81 Ill. 156; The Governor v. Woodworth, 63 Ill. 254.

Cities are not *per se* exempt from the operation of the

Statute of Limitations : Rowans' Exr's v. Portland, 8 B. Mon.
259; Alves v. Henderson, 16 B. Mon. 131; Baldwin v. Buffalo,
29 Barb. 396; Cummins v. Taylor, 2 Ray 292; Galloway Co.
v. Nolly, 31 Mo. 393; Lessee of Cin. v. Pres. Church, 8 Ohio
298; Cincinnati v. Evans, 5 Ohio St. 594; Knight v. Heaton,
22 Vt. 480; Beardsley v. French, 7 Conn. 125; Cutler v. Cam-
bridge, 6 Allen 20.

McALLISTER, J.   The City sued Gosselin in police court for
the recovery of a penalty for the alleged violation of Secs. 16
and 17, Chap. 51, Revised Ordinances of 1873.   The city had
judgment for $50, and Gosselin appealed to the Criminal
Court, where the question was tried by the court, without a
jury; there judgment went for defendant, and the city brings
the case to this court by writ of error.   The ordinance is as
follows:   Sec. 16.   "No person shall erect or place any build-
ing, in whole or in part, upon any street, alley, sidewalk, or
other public ground, within this city, under a penalty of fifty
dollars."   Sec. 17:   "The owner of any building, fence, porch,
steps, gallery, or other obstruction, now standing, or which
may hereafter be erected or placed upon any street, alley, side-
walk, or public ground within this city, or which may be left
standing upon any new street that has been or may hereafter
be opened, shall remove the same within such reasonable time,
not exceeding thirty and not less than three days, as he shall
be required so to do, by a notice signed by the mayor, etc.,
under a penalty," etc.   Tuley's Laws and Ord. 133–4.
It is obvious that the streets and alleys contemplated by the
foregoing provisions are only such as are, in fact as well as in
law, public streets and alleys—streets and alleys which have
been opened to public use.   Public streets and alleys and com-
mons are for the public use—that is, by the people of the State
at large; and they are none the less for the use of the public at
large, as distinguished from a municipality, because they are
situated within the latter, and the legislature may have given
the supervision and control of them to such local municipal
authorities. City of Alton v. Transportation Co., 12 Ills. 60.
This being so, and because the legislature of the State represents

the public at large, it has full and paramount authority over all public highways, and may, therefore, authorize such use of public highways as without such authority would be regarded as a public nuisance. A portion of this legislative control over public highways is ordinarily delegated to the local authorities of cities. Among the powers given to Chicago by the charter of 1863, under which the ordinance in question was passed, was this: "To control, regulate, repair, amend and clean the streets, alleys, side and cross-walks, and open, widen, straighten and vacate streets and alleys, and establish and alter the grade thereof, and prevent the encumbering of the streets in any manner, and protect the same from any encroachment and injury."

It was undoubtedly to carry into effect the police power conferred in the last clause that the ordinance in question was passed, and which clearly relates to streets in fact as well as in law.

Now, as matter of fact, the *locus in quo* in the present case alleged to have been encumbered and encroached upon by Gosselin having buildings and fences thereon, has never been in the possession of the city of Chicago or the public; has never been opened or used as a public way or ground, but has been in the peaceable and exclusive possession of Gosselin and his father, since the year 1852. Russell, Mather & Roberts being owners in fee in 1835, made a plat of ground, including that in question, for an addition to the city of Chicago, which was surveyed, certified and acknowledged pursuant to the statute, and duly recorded, on which the *locus in quo* was designated as part of a street, but which street has never been opened by the city or used by the public.

It is true that there was a statute in force in 1835, which declared the effect of such plat to be a conveyance sufficient to vest the fee simple of all such parcels so designated for street purposes in the public or municipal corporation. The plat thus made was sufficient to constitute a valid and complete dedication so far as the donors were concerned, without any act of acceptance by the public; but did not, *ipso facto*, constitute a public street or highway. For if it did, the municipal

authorities would at once be subject to the duty of exercising reasonable care and diligence to keep the same in a safe and suitable condition for travel and all the ordinary uses of public streets. It would hardly be tolerated that every enterprising speculator who happened to own, or control outside real estate, could thus impose such a burden upon the municipality. The statute declares that the plat made as provided shall be deemed a sufficient conveyance in fee simple; but does not declare that the parcels designated for streets shall thereby become public streets or highways. In the absence of such declaration, they do not become such until opened by the municipal authorities for public use. The City of Oswego v. Oswego Canal Co. 2 Selden, 264; Underwood v. Stuyvesant, 19 Johns. 186; The State v. Carver, 5 Strob. Law R. 217; Bissell v. N. Y. Cent. R. R. 26 Barb. 630.

We think, therefore, that it is clear upon principle as well as authority, that the *locus in quo*, alleged to have been encumbered and encroached upon as a part of a public street, never has become a public street within the meaning of the ordinance in question. The defendant Gosselin, being in the peaceable possession, cannot be driven out by such indirect means. The city can dispossess him only by legal means—that is, by action of ejectment, wherein the question of title can be properly adjudicated.

The judgment of the court below will be affirmed.

Affirmed.