JOSEPH HATTON

v.

THE VILLAGE OF CHATHAM.

*Municipal Corporations—Platting of Town—Alleys—Encroachment—Ordinance—Fine—Notice—Ejectment.*

1. In the absence of an adverse possession, the mere platting of a town gives the public the right to the use of the streets and alleys.

2. Upon appeal from a judgment imposing a fine for a violation of a village ordinance, in relation to obstructions in its streets and alleys, it is *held.* That the village need not resort to an action in ejectment, and that the written notice given was sufficient.

[Opinion filed February 17, 1887.]

APPEAL from the County Court of Sangamon County; the Hon. J. H. MATHENY, Judge, presiding.

Messrs. PALMERS & SHUTT, for appellant.

Messrs. PATTON & HAMILTON and NOAH H. TURNER, for appellee.

CONGER, J. The Village of Chatham was laid out and platted in 1836. In 1859 one Smith owned lots 13, 14, 15 and 16, constituting the southeast quarter of block 5 of said village,

and built a barn and fence on the alley at the north end of lot 16, and the barn still remains where originally placed. It is claimed by the village, but denied by appellant, that said barn and fence encroaches upon the alley some two feet at one place and six at another. The court below found such encroachment to exist, and in the consideration of the case we shall assume such finding to be correct.

Appellant now owns said lots by conveyance from Smith. In July, 1885, the president and board of trustees of the village passed an ordinance which provides that:

"The owner of any building or any structure or enclosure already erected or built extending into or encroaching upon any street, avenue or alley   *   *   *   within the village, who shall not remove the same within thirty days after being notified in writing to do so by the street commissioners, shall be subject to a fine of not less than ten dollars nor more than one hundred dollars."

Written notice was given appellant to remove this barn and fence off of the alley, and upon his failure to do so he was prosecuted under the ordinance and fined $10 before the Justice who originally tried the case, and the appellant appealed to the County Court, where the judgment was affirmed.

Appellant insists "That as the public, the village, has never had possession of the ground which is covered by the appellant's possession and claim of title, the village must sue in ejectment and recover possession, and can not sue for a penalty," and cites City of Chicago v. Gosselin, 4 Ill. App. 570, as authority for the proposition.

We are at loss, however, to discover the application of the doctrine announced in that case to this. In that case the street had never been open to public use. But in this case it is stated in the abstract prepared by appellant's counsel, as an undisputed fact, that the town was laid out and platted in 1836, and that the lots in question ran back to this alley, which was, and is, sixteen feet wide. Mr. Porter states that he has known this alley since 1836, and owned lots on the northeast corner of the block in question, and says: "I suppose there was no use for the alley; sometimes it was fenced up, and sometimes it wasn't."

From this it is reasonable to assume that the alley was laid off in 1836, and used when needed until encroached upon by Smith in 1859, and from that time to the present has been open a part of the time and fenced up a part of the time.

The mere fact that the alley was, prior to 1859, but little used because the lots bounding upon it were not inclosed, and therefore there was no necessity for keeping within its exact limits, would not interfere with its existence, or tend to show that it was not a legal public alley. Neither would it show that the village was not, during such time prior to its being fenced, in the possession of the same. The mere fact of platting a town gives the public the right to the use of the streets and alleys when at the time there is no adverse possession.

The other point relied upon. that the written notice was signed by the president and clerk of the Board of Trustees, and not by the street commissioner, has no merit.

The notice plainly indicated its purpose. It was given appellant by the street commissioner, and was at least a substantial if not a technical compliance with the ordinance.

The judgment of the County Court will be affirmed.

*Judgment affirmed.*